| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |
| | PERSONAL INJURY |

Anthony C. Schema and Julie Schema, individually and as husband and wife,

          Plaintiffs,

v.

Rivers Edge Tree Stands, Inc, a Wisconsin Corporation, and Ardisam, Inc., a Wisconsin Corporation,

          Defendant.

Court File No.:_____

**SUMMONS**

THIS SUMMONS IS DIRECTED TO:

DEFENDANTS

1. **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this Summons.

2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this Summons **a written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this Summons located at:

    YAEGER & WEINER, PLC
    Michael L. Weiner, #127991
    2701 University Avenue SE, Suite 202
    Minneapolis, MN 55414
    ATTORNEY FOR PLAINTIFF

3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer, you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

# EXHIBIT 1

4.  **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the Complaint.

5.  **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6.  **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

YAEGER & WEINER, PLC

Dated: October 18, 2019

_____
Michael L. Weiner, #127991
2701 University Avenue SE, Suite 202
Minneapolis, MN 55414
Telephone: (612) 345-9797
Facsimile: (612) 245-4401
mweiner@yw-law.com
**ATTORNEY FOR PLAINTIFF**

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |
| | PERSONAL INJURY |

Anthony C. Schema and Julie Schema,
individually and as husband and wife,

             Plaintiffs,

v.

Rivers Edge Tree Stands, Inc, a
Wisconsin Corporation, and Ardisam,
Inc., a Wisconsin Corporation,

             Defendant.

Court File No.: _____

**COMPLAINT**
**JURY TRIAL DEMANDED**

Comes now the Plaintiffs, Anthony C. Schema and Julie Schema, individually and as husband and wife, and for their claims and causes of action against the above-named Defendants, states and alleges as follows:

### GENERAL ALLEGATIONS

1. Plaintiffs Anthony C. Schema and Julie Schema are residents and citizen of the City of Faribault, State of Minnesota, and at all times pertinent to this action, were, and continue to be, married.

2. At all times material herein, Defendant Rivers Edge Tree Stands, Inc. (hereinafter "Rivers Edge") was and is a Wisconsin corporation, with principal offices at 1160 8th Ave, Cumberland, Wisconsin.

3. At all times material herein, Defendant Ardisam, Inc. was and is a Wisconsin

1

corporation, with principal offices at 1160 8th Ave, Cumberland, Wisconsin.

4. Defendants Rivers Edge and Ardisam conduct substantial business in the State of Minnesota and its products, including the tree stand and component parts involved in this case, are regularly sold and used by consumers in Minnesota. Defendants Rivers Edge and Ardisam have committed tortious acts in the State of Minnesota in that they have designed, tested, manufactured, assembled, labeled, marketed, distributed and sold for ultimate use in this State a line of defective and unreasonably dangerous tree stands and component parts, including tree stand straps.

5. That prior to October 30, 2017, Plaintiff Anthony C. Schema purchased from Defendants a tree stand and component parts, including tree stand straps. (hereinafter referred to as "tree stand") from Defendants Rivers Edge and Ardisam

6. On or about October 30, 2017, Plaintiff Anthony C. Schema was injured in Houston County, State of Minnesota, due to a defective and unsafe tree stand manufactured, designed, distributed and sold by Defendants Rivers Edge and Ardisam. Due to defects in the design, manufacture and lack of adequate warnings, a tree stand strap failed and the tree stand fell from a tree to the ground while Plaintiff Anthony C. Schema was on said tree stand, causing Anthony C. Schema to fall to the ground and be injured as hereinafter set forth.

7. That as a result, Anthony C. Schema was caused to suffer and sustain severe, permanent and disabling injuries to his left hip and leg, pelvis, ribs, including permanent damage to the external and internal structures involved.

8. That as a result of his permanent and disabling injuries to his left hip and leg, pelvis, and ribs, Anthony C. Schema has suffered past and future damages, including past and

future pain and suffering, disability, and mental distress, all of which is permanent in nature; past and future loss of enjoyment of life; lost wages and impairment of future earning capacity; past and future medical expenses; and other compensable injuries.

### COUNT I: NEGLIGENCE

9. Plaintiff hereby realleges and specifically incorporates herein by reference all of the allegations of paragraphs 1 - 8 of the Complaint as stated above.

10. Defendants Rivers Edge and Ardisam, through their agents, servants and employees, were negligent and careless in the design, manufacture, warnings and sale of the tree stand involved in this incident and they were otherwise negligent.

11. The afore described negligence and carelessness of Defendants Rivers Edge and Ardisam was a direct and proximate cause of the above described injuries and damages suffered by Anthony C. Schema.

12. That as a result of his permanent and disabling injuries to his left hip and leg, pelvis, and ribs, Anthony C. Schema has suffered past and future damages, including past and future pain and suffering, disability, and mental distress, all of which is permanent in nature; past and future loss of enjoyment of life; lost wages and impairment of future earning capacity; past and future medical expenses; and other compensable injuries.

### COUNT II: STRICT LIABILITY

13. Plaintiffs hereby reallege and specifically incorporate herein by reference all of the allegations of paragraphs 1 - 12 of the Complaint as stated above.

14. Defendants Rivers Edge and Ardisam had a duty to use reasonable care in the manufacture, construction, design, formulation, preparation, processing, assembly, testing,

certification, warnings, instructions, marketing, selling, advertising, packaging and labeling of the subject tree stand, so as not to subject the user to injury from a defect.

15. The tree stand used by Anthony C. Schema was in a defective condition unreasonably dangerous to users at the time it left the control of Defendants Rivers Edge and Ardisam.

16. This tree stand was a product of Defendants Rivers Edge and Ardisam which was expected to and did reach Anthony C. Schema as a user without substantial change in the condition in which it was sold.

17. The afore described defective condition which rendered the tree stand unreasonably dangerous was a direct and proximate cause of the above described injuries and damages suffered by Anthony C. Schema.

18. That as a result of his permanent and disabling injuries to his left hip and leg, pelvis, and ribs, Anthony C. Schema has suffered past and future damages, including past and future pain and suffering, disability, and mental distress, all of which is permanent in nature; past and future loss of enjoyment of life; lost wages and impairment of future earning capacity; past and future medical expenses; and other compensable injuries.

## COUNT III: BREACH OF EXPRESS WARRANTIES

19. Plaintiffs hereby reallege and specifically incorporate herein by reference all of the allegations of paragraphs 1 - 18 of the Complaint as stated above.

20. When it was sold by Defendants Rivers Edge and Ardisam, the tree stand and its associated packaging and labeling contained numerous affirmations of fact or promises which related to the tree stand. These affirmations and promises had the natural tendency to induce a

buyer to purchase the tree stand and did, in fact, induce the purchase the tree stand and further induced Anthony C. Schema to use the tree stand. Thus, the affirmations and promises became part of the basis of the bargain, creating an express warranty that the tree stand would conform to the affirmations and promises made.

21. The tree stand did not comply with any of these warranties and failed to conform to the affirmations and promises made by Defendants Rivers Edge and Ardisam in that it was defective at the time of the sale as more fully set forth above.

22. The afore described breach of the express warranties was a direct and proximate cause of the above described injuries and damages suffered by Anthony C. Schema.

23. That as a result of his permanent and disabling injuries to his left hip and leg, pelvis, and ribs, Anthony C. Schema has suffered past and future damages, including past and future pain and suffering, disability, and mental distress, all of which is permanent in nature; past and future loss of enjoyment of life; lost wages and impairment of future earning capacity; past and future medical expenses; and other compensable injuries.

## COUNT IV: BREACH OF IMPLIED WARRANTIES

24. Plaintiffs hereby reallege and specifically incorporate herein by reference all of the allegations of paragraphs 1 - 23 of the Complaint as stated above.

25. The tree stand was subject to an implied warranty of merchantability and an implied warranty of fitness for a particular purpose when it was sold by Defendants Rivers Edge and Ardisam, including but not limited to warranties that it (i) was fit for the ordinary purposes for which it was to be used, (ii) was fit and suitable for the particular purpose for which it was sold, (iii) was adequately contained, packaged and labeled, and (iv) conformed to the promises or

5

affirmations of fact made on the tree stand, the labeling, the instructions, the box and other literature that accompanied the tree stand when it was sold.

26. The afore described breach of the implied warranties was a direct and proximate cause of the above described injuries and damages suffered by Anthony C. Schema.

27. That as a result of his permanent and disabling injuries to his left hip and leg, pelvis, and ribs, Anthony C. Schema has suffered past and future damages, including past and future pain and suffering, disability, and mental distress, all of which is permanent in nature; past and future loss of enjoyment of life; lost wages and impairment of future earning capacity; past and future medical expenses; and other compensable injuries.

## COUNT V - LOSS OF CONSORTIUM

Plaintiff Julie Schema, as and for her cause of action against Defendants Rivers Edge and Ardisam, states and alleges as follows:

28. Plaintiffs hereby reallege and specifically incorporate herein by reference all of the allegations of paragraphs 1 - 27 of the Complaint as stated above.

29. That at all times pertinent to this action, Plaintiffs Anthony C. Schema and Julie Schema were, and continue to be, married.

30. That as a direct and proximate result of the negligence of Defendant Rivers Edge and Ardisam, Julie Schema, and by reason of her husband sustaining injuries as set forth above, Plaintiff Julie Schema has in the past and will in the future be deprived of the services, society, support, comfort, companionship and consortium of her husband, and by reason of the foregoing, has sustained damages in the amount established by the evidence in the trial of this matter.

**WHEREFORE**, Plaintiffs Anthony C. Schema and Julie Schema demand judgment against Defendants Rivers Edge Tree Stands, Inc., and Ardisam, Inc., for an amount in excess of Fifty Thousand ($50,000.00) Dollars, together with interest, costs, disbursements, prejudgment interest in this action, and for such other and further relief to which they may be entitled.

**JURY TRIAL DEMANDED**

YAEGER & WEINER, PLC

Dated: October 18, 2019

_____
Michael L. Weiner, #0127991
2701 University Avenue SE, Suite 202
Minneapolis, MN 55414
Telephone: (612) 345-9797
Facsimile: (612) 235-4401
mweiner@yw-law.com
**ATTORNEY FOR PLAINTIFFS**

ACKNOWLEDGMENT

The undersigned hereby acknowledges that costs, disbursements and reasonable attorney and witness fees may be awarded pursuant to Minn. Stat. §549.21, to the party against whom the allegations in this pleading are asserted.

Dated: October 18, 2019

_____
Michael L. Weiner, MSBA #0127991

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |
| | PERSONAL INJURY |

Anthony C. Schema and Julie Schema, individually and as husband and wife,

        Plaintiffs,

v.

Rivers Edge Tree Stands, Inc, a Wisconsin Corporation, and Ardisam, Inc., a Wisconsin Corporation,

        Defendant.

Court File No.:_____

**SUMMONS**

THIS SUMMONS IS DIRECTED TO:

DEFENDANTS

1. **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this Summons.

2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this Summons **a written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this Summons located at:

    YAEGER & WEINER, PLC
    Michael L. Weiner, #127991
    2701 University Avenue SE, Suite 202
    Minneapolis, MN 55414
    ATTORNEY FOR PLAINTIFF

3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer, you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4.     **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the Complaint.

5.     **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6.     **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

YAEGER & WEINER, PLC

Dated: October 18, 2019

_/s/ Michael L. Weiner_
Michael L. Weiner, #127991
2701 University Avenue SE, Suite 202
Minneapolis, MN 55414
Telephone: (612) 345-9797
Facsimile: (612) 245-4401
mweiner@yw-law.com
**ATTORNEY FOR PLAINTIFF**